OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On this appeal from an order affirming defendant’s conviction of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first and third degrees, and the denial of his motion to vacate those convictions pursuant to CPL 440.10, the sole issue raised is whether the People failed to disclose, as Brady material (Brady v Maryland, 373 US 83), the full terms of a cooperation agreement between the District Attorney and a codefendant, who had been permitted to plead guilty to two A-II felonies and was a People’s witness at defendant’s trial. Defendant asserts that the agreement required the codefendant to testify against him in exchange for a recommendation of lifetime probation, and that this obligation was omitted from the prosecution’s pretrial disclosure of the agreement.
Following an evidentiary hearing on defendant’s motion to vacate, County Court found that no agreement or understanding of an obligation to testify against defendant was part of the cooperation agreement, or a necessary condition precedent to favorable consideration at sentencing. The Appellate Division affirmed, also concluding that the claim of a mutual understanding regarding the codefendant’s obligation to testify against defendant was without merit (221 AD2d 575). Because our own examination of the record reveals factual support for the findings of the lower courts, the denial of defendant’s motion to vacate is beyond this Court’s further review (see, People v Blim, 46 NY2d 934, 935; People v Gruttola, 43 NY2d 116, 122). We also conclude that the Appellate Division correctly determined that the evidence was legally sufficient to establish defendant’s guilt beyond a reasonable doubt.
Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
*1020 Order affirmed in a memorandum.